E-FILED
Friday, 16 October, 2020  12:53:27 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

FILED
MACON COUNTY ILLINOIS
8/31/2020 1:34 PM
SHERRY A. DOTY
CLERK OF THE CIRCUIT COURT

### IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
### MACON COUNTY, ILLINOIS

DAVID JACKSON, )
    Plaintiff, )
  ) 
  )    **2020L95**
v. )    No._____
  )
CODY BADER and KA PAZDERA )
HAULING and EXCAVATING LLC, )
    Defendants. )

### COMPLAINT

### COUNT I

### NEGLIGENCE AGAINST CODY BADER

Plaintiff, DAVID JACKSON, by one of his attorneys of McCarron Law Firm, P.C., complaining of Defendant CODY BADER, states as follows:

1. Plaintiff, DAVID JACKSON, is an individual who resides in Normal, Mclean County, Illinois.

2. Defendant CODY BADER is an individual who resides in Desoto, Jefferson County, Missouri.

3. On September 4, 2018, Route 51 was a public highway running north and south and Cox Road was a public road running east and west, and they intersected in Forsyth, Macon County, Illinois.

4. On September 4, 2018, Plaintiff, DAVID JACKSON, was traveling north on Route 51 at or near its intersection with Cox Road in Forsyth, Macon County Illinois.

5. On September 4, 2018, Defendant, CODY BADER, owned, operated, managed, maintained and controlled a vehicle traveling north on Route 51 at or near its intersection with Cox Road in Forsyth, Macon County Illinois.

6. On September 4, 2018, the front of the vehicle operated by Defendant, CODY BADER, came into contact with the rear of the vehicle operated by Plaintiff, DAVID JACKSON.

7. On September 4, 2018, the Defendant, CODY BADER, had duties, including, but not limited to the following:

   a. operate, manage, maintain and control a motor vehicle as to avoid a collision with the motor vehicle then operated by Plaintiff;
   b. yield the right of way;
   c. operate a motor vehicle while keeping a proper and sufficient lookout;
   d. proceed at a speed that is reasonable and proper with regard to traffic conditions and the use of the highway, in accordance with 625 ILCS 5/11-601;
   e. apply the brakes of a motor vehicle and reduce speed at such a distance as to control the movement of and stop said vehicle before impact in accordance with 625 ILCS 5/11-601 and 625 ILCS 5/12-301;
   f. keep a motor vehicle under proper control and use due care with regard to traffic and roadway conditions;
   g. take proper evasive action to avoid a collision with Plaintiff's vehicle once it had become imminent;
   h. give a proper warning of impending danger, in accordance with 625 ILCS 5/11-306;
   i. decrease speed as needed to avoid colliding with another vehicle, in accordance with 625 ILCS 5/11-709; and
   j. follow Plaintiff's vehicle at a distance that is reasonable and prudent in accordance with 625 ILCS 5/11-710.

8. On September 4, 2018, the Defendant, CODY BADER, was negligent in one or more of the following respects; in that he failed to:

   a. operate, manage, maintain and control a motor vehicle as to avoid a collision with the motor vehicle then operated by Plaintiff;
   b. yield the right of way;

c. operate a motor vehicle while keeping a proper and sufficient lookout;

d. proceed at a speed that is reasonable and proper with regard to traffic conditions and the use of the highway, in accordance with 625 ILCS 5/11-601;

e. apply the brakes of a motor vehicle and reduce speed at such a distance as to control the movement of and stop said vehicle before impact in accordance with 625 ILCS 5/11-601 and 625 ILCS 5/12-301;

f. keep a motor vehicle under proper control and use due care with regard to traffic and roadway conditions;

g. take proper evasive action to avoid a collision with Plaintiff's vehicle once it had become imminent;

h. give a proper warning of impending danger, in accordance with 625 ILCS 5/11-306;

i. decrease speed as needed to avoid colliding with another vehicle, in accordance with 625 ILCS 5/11-709; and

j. follow Plaintiff's vehicle at a distance that is reasonable and prudent in accordance with 625 ILCS 5/11-710.

9. As a proximate result of one or more of the foregoing acts and/or omissions by the Defendant, CODY BADER, Plaintiff, DAVID JACKSON sustained injuries of a personal and pecuniary nature.

*WHEREFORE* Plaintiff, DAVID JACKSON, demands judgment against Defendant, CODY BADER, for an amount in excess of the jurisdictional minimum of the Sixth Circuit Court of Macon County.

## COUNT II

### RESPONDEAT SUPERIOR AGAINST KA PAZDERA HAULING and EXCAVATING LLC

Plaintiff, DAVID JACKSON complaining of Defendant, KA PAZDERA HAULING and EXCAVATING LLC., states:

1-8. The Plaintiff, DAVID JACKSON, re-alleges paragraphs 1-8 of Count I as paragraphs 1-8 of this Count II incorporated herein

9. Defendant, KA PAZDERA HAULING and EXCAVATING LLC., is a privately owned and operates from 1766 US Highway 61 South, Festus, Missouri.

10. The Defendant, CODY BADER, was an employee of Defendant, KA PAZDERA HAULING and EXCAVATING LLC., and acting in the course of his employment when he struck the Plaintiff, DAVID JACKSON.

**WHEREFORE** Plaintiff, DAVID JACKSON, demands judgment against Defendant, KA PAZDERA HAULING and EXCAVATING LLC, for an amount in excess of the jurisdictional minimum of the Sixth Circuit Court of Macon County.

DAVID JACKSON, Plaintiff

By: _____
Joseph A. McCarron, Attorney for Plaintiff

JOSEPH A. McCARRON
McCarron Law Firm, P.C.
Attorney Registration #6237640
Attorney for Plaintiff
624 North Main Street
Bloomington, IL 61701
(309) 820-1010  Fax: (309) 820-1019
mccarronlawfirm@mccarronlawfirm.com

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

| | |
|---|---|
| DAVID JACKSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    No._____<br>) |
| CODY BADER and KA PAZDERA<br>HAULING and EXCAVATING LLC,<br>    Defendants. | )<br>)<br>)<br>) |

## AFFIDAVIT OF DAMAGES

STATE OF ILLINOIS )
                    ) ss.
COUNTY OF Macon )

I, JOSEPH A. McCARRON, after having been first duly sworn, on oath and affirmation state that damages sought in this cause do exceed $50,000.

FURTHER AFFIANT SAYETH NOT.

### VERIFICATION

I, Joeseph McCarron, state under penalties as provide by law pursuant to Section 1-109 or the Code of Civil Procedure, that the statements set forth in this Affidavit are true and correct, except as to matters therein said to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Joseph McCarron

JOSEPH A. McCARRON
McCarron Law Firm, P.C.
Attorney Registration #6237640
Attorney for Plaintiff
624 North Main Street
Bloomington, IL 61701
(309) 820-1010  Fax: (309) 820-1019
mccarronlawfirm@mccarronlawfirm.com